GEORGE G. SMITH, PROSECUTOR, v. BOROUGH OF COLLINGSWOOD ET AL., DEFENDANTS.

Submitted January 27, 1933—Decided June 29, 1933.

Before Justices PARKER, LLOYD and HEHER.

For the prosecutor, *Samuel P. Orlando.*

For the defendants, *John A. Penn.*

PER CURIAM.

This is an application for a writ of *certiorari* to bring up for review the proceedings relating to the conviction of the prosecutor on charges of misconduct as a police officer and his dismissal from the force. The case is submitted on briefs and both briefs contain an identical clause reading as follows: "It is agreeable to counsel for both prosecutor and respondent that this matter may be heard and decided upon the state of the case submitted, as though a writ had been allowed, in order that this court may render judgment accordingly." Notwithstanding this stipulation, however, we deem it inadvisable to do more than decide the rule to show cause, partly because there is no record of the trial and conviction before us, and partly for reasons that will appear in the course of this memorandum. Quoting the language of the brief for prosecutor:

"The reasons advanced by the prosecutor in support of the rule and for the purpose of having it made absolute are that the charges were not examined into upon reasonable notice, and that a fair trial upon the charges was therefore not had, and that the prosecutor did not have a reasonable opportunity to make his defense, as required by the statute in such cases made and provided."

It was intimated in the moving affidavits that no charges were served upon the prosecutor; but this point is not now pressed. What was served upon him was a written notice dated October 18th, 1932, and reading as follows:

"EXHIBIT P-3

To George G. Smith:

You are hereby summoned to appear at a hearing to be held in the Borough Hall, 2d floor of the Fire House, Collings Ave., below Haddon Ave., Friday the twenty-first day of October, 1932, at 7:45 P. M., at which time and place you shall be prepared to answer charges made against you of misconduct and conduct unbecoming an officer in that you did take four tires from an automobile owned by George Muschell while the same was stored in McClung's garage on Bettlewood

Avenue, Collingswood, N. J., without the permission or consent of the owner against the peace and good order of the State and in violation of your oath as a Police Officer.

JOSEPH H. VAN METER,
*Mayor.*

October 18, 1932."

This notice seems to be specific in stating the charges made and, as we have just said, it is not now urged that it was insufficient as a notification to the prosecutor that he was to be tried and on what charges that trial was to be had.

The entire argument seems to be directed to the proposition that the trial was forced on with unreasonable speed and without giving the prosecutor a reasonable opportunity to obtain the evidence needed for his defense. Prosecutor consulted his present counsel on October 19th, at which time he did not have in hand the notice that appears above. Counsel immediately write Mayor Van Meter saying that no charges had been served and asking for a copy and a week's time in which to prepare. That same afternoon, however, the prosecutor gave counsel the notice that was served upon him. The trial was set down for the evening of October 21st at seven forty-five P. M., and counsel made every effort to obtain the presence of Mr. Muschell (or Mischell) who, as he found, lived near Norristown, Pennsylvania, had no telephone and could not be reached by telegraph. He was unable to procure his attendance; the trial proceeded on the evening of the twenty-first, counsel appeared that night, presented no evidence on behalf of his client, asked for a continuance, which was denied, and the mayor, acting as commissioner of public safety, found the prosecutor guilty and dismissed him.

If there were anything in this case to indicate that prosecutor Smith had a meritorious defense to the charge of taking four tires off of Mr. Muschell's automobile, which sounds very much like a case of grand larceny, it might well be held by this court that justice had not been done to him in refusing to allow a reasonable time to prepare and present that defense; but there is not one word in the case to show that there was any defense. We have the deposition of Mr. Orlando,

the counsel, as to being consulted by Smith and endeavoring to obtain the adjournment and to get into touch with Muschell; but he does not say that he ever did get into touch with Mr. Muschell, or, if he did, that Mr. Muschell said anything which would make in favor of Smith's defense. There is no affidavit of Mr. Muschell and no intimation that any attempt was made to get one. Even Smith himself in his deposition states merely what he did with regard to consulting counsel and attempting to secure witnesses. He said he was present at the hearing with one witness but that no defense to the case was put in at that time. In fine, there is nothing in the depositions before us to indicate the nature of the defense that was intended to be put in if the proper witnesses had been available or, indeed, that there was any defense at all.

The application is in effect an application to open a judgment on the ground of surprise and merits. Conceding for present purposes that the element of surprise is made out, there is absolutely nothing to show merits.

The rule to show cause will be discharged.